UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Waiters, #273876, | ) C/A No. 3:10-3292-JMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden Reyond; Warden McKay; | ) |
| Warden Washington; Major Seaward, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, a prisoner in the South Carolina Department of Corrections' (SCDC's) Kershaw Correctional Institution (KCI) in Kershaw, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action[1] against Defendants.[2] The case is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

[2] Plaintiff's Complaint is submitted on a form for prisoners' complaints brought under § 1983 to be filed in the United States District Court for the Northern District of California. The Complaint was filed in that court on November 29, 2010, and transferred to this Court on December 29, 2010. (ECF No. 5). Plaintiff, who has been an inmate in SCDC since June 23, 2009, according to SCDC's inmate search information page on its website (*see* https://sword.doc.state.sc.us/incarceratedInmateSearch/), offers no explanation as to why he initially mailed his Complaint to California for filing, when it concerns events that allegedly occurred in South Carolina at KCI and names four members of KCI's staff as Defendants.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### DISCUSSION

The Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. As stated above, Plaintiff's Complaint fails to provide this Court with sufficient facts to enable the Court to determine the nature of the claims that he attempts to raise. It appears that Plaintiff wants this Court to order his transfer to an unspecified facility from his current place of

incarceration, or to transfer him to another area within his current facility, and to restore his previous "level 1" custody classification.[3] Plaintiff also asks for unspecified monetary damages for an unspecified injury. Plaintiff alleges: "I would like the court to have them to transfer me and give me my level 1 back and pay me for the pain and suffering I was receiving at the time want Ms.[sic] Sgt. Mitchel put her hand on me. [sic]" ECF No. 1, p. 3-4.

Although Plaintiff has named four Defendants, the Complaint fails to reasonably inform any of the adverse parties of the asserted cause(s) of action against them. *See Brown v. Califano*, 75 F.R.D. 497 (D. D.C. 1977). Plaintiff alleges only the following facts (quoting verbatim):

> Want I file a lawsuit on Sgt. Mitchel, I have wrote Wardens and Mayjor about the problem I was having, but I didn't recieved no answer, I have seek Mayjor Seabrook on the yard and try to talk to him, he say some-think to get you mad. I was asking the Ass: Warden Washington a question dealing with me being on this yard want he heard my name, he say what every happen happen. On 9-15-10 I have ask officer cook at the law library about me coming back to the law-library she say "yes" Mr. Miller will not let me go or call officer cook about this problem everybody work together My legal work I get Not on time and I get my case dismissed [sic]

ECF No. 1, p. 3.

"Sgt. Mitchel" the purported subject of the lawsuit, is not even named as a Defendant in the caption of the Complaint or in the list of defendants on page 2-3 of the Complaint. "Warden

---

[3] Generally, prisoners have no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-248 (1983); *Lyons v. Clark*, 694 F. Supp. 184, 186-87 (E.D. Va. 1988) (collecting cases). *See also Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.")

Reyond" [sic][4] nor "Warden McKay" are mentioned in the body of the Complaint and no allegations whatsoever are made against them, much less any allegations of constitutional wrongdoing. No further identification of "Mr. Miller" is made in the Complaint, no specific allegations are made as to his involvement with Plaintiff's access or lack or access to the law library, and he is not named as a Defendant in the Complaint's caption or its list of defendants on page 2-3. "Mayjor Seabrook" [sic] may or may not be the same person as "Major Seaward," who is listed as a Defendant in the caption of the Complaint.

Additionally, the allegations concerning "Mayjor Seabrook's "say[ing] something to make you mad" (ECF No. 1, p. 3) do not state a plausible § 1983 claim.[5] As a result of the vague and disjointed statements in Plaintiff's Complaint, it is impossible, without excessive expenditure of precious judicial resources, for this Court to determine if Plaintiff can present any plausible allegation of a constitutional violation with respect to any of the Defendants. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)(internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support

---

[4] Cecilia Reynolds is the Warden of KCI, according to SCDC's website. *See* http://www.doc.sc.gov/institutions/kershaw.jsp.

[5] "The use of vile and abusive language is never a basis for a civil rights action." *Sluys v. Gribetz*, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994), *aff'd*, 41 F.3d 1503 (2d Cir. 1994); *citing Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983). Since abusive language is not actionable under 42 U.S.C. § 1983, the comment alleged in Plaintiff's Complaint ("what every happen happen") is not actionable under 42 U.S.C. § 1983.

4

the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Although this Court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). Plaintiff's Complaint, on its face, does not state a plausible, non-frivolous federal claim, therefore this Court should dismiss the Complaint, without prejudice and without issuance and service of process, which would allow Plaintiff to file a new and proper complaint if he so desires.

### RECOMMENDATION

Accordingly, it is recommended that this Court dismiss the Complaint in the above captioned case *without prejudice* and without issuance and service of process. *See United States Mine Workers*

*v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**The parties' attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

February 11, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).